UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY J. STEWART,<br><br>               Plaintiff,<br><br>   v.<br><br>CANYON COUNTY DETENTION CENTER; CANYON COUNTY SHERIFF'S DEPARTMENT; STATE OF IDAHO; and CITY OF CALDWELL, IDAHO,<br><br>               Defendant. | Case No. 1:20-cv-00177-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Zachary J. Stewart's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.      Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

## 3. Factual Allegations

Plaintiff is an inmate currently confined in the Canyon County Detention Center in Caldwell, Idaho. Plaintiff states that, on February 14, 2020, he was involved in a physical altercation with another inmate. *Compl.*, Dkt. 3, at 2. Plaintiff states that his hand was fractured or sprained in the fight, but that he was not asked if he had any injuries. Plaintiff does not allege that he requested medical attention at that time. *Id.*

Over a month later, on March 15, 2020, Plaintiff sought medical attention for his hand and was evaluated by medical staff, who told him there was nothing wrong with his hand. Nonetheless, although Plaintiff was not given an x-ray, medical staff did prescribe Plaintiff ibuprofen for the pain and swelling. *Id.*

Plaintiff contends that the medical treatment he received for his hand violates the Eighth Amendment to the United States Constitution.[1] *Id*. Plaintiff sues Canyon County entities, as well as the State of Idaho and the City of Caldwell. *Id*. at 1.

**4.    Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

*A.    Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public

---

[1] Because Plaintiff cites the Eighth Amendment, it appears he is a convicted inmate, rather than a pretrial detainee. If Plaintiff files an amended complaint, he should notify the Court of his status.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Jail officials and jail medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09.

To bring a § 1983 claim against a municipality—a local governmental entity such as Canyon County, the Canyon County Sheriff's Department, or the City of Caldwell—a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

The Eighth Amendment protects prisoners against cruel and unusual punishment.[2] To state a claim under the Eighth Amendment, prisoners must plausibly allege that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical and mental health treatment in prison. Prison officials or prison medical providers can be held liable if their

---

[2] Medical treatment claims of pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, which is violated when the conditions to which the detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Conditions of confinement are deemed to constitute punishment if a pretrial detainee satisfies the following elements:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (analyzing failure-to-protect claims of pretrial detainees); *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (applying *Castro* to medical-treatment claims of pretrial detainees).

"acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with "deliberate indifference...only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cty. of Los*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

*Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical treatment does not violate the Eighth Amendment unless that delay causes further harm, *McGuckin*, 974 F.2d at 1060. Additionally, there is no constitutional right to an outside medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

"If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and the plaintiff has not shown that the medical personnel had

"subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

Differences in judgment as to appropriate medical diagnosis and treatment between an inmate and prison medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must plausibly allege that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Plaintiff's Complaint fails to state an Eighth Amendment claim upon which relief may be granted. Plaintiff's claim against the State of Idaho is barred by the Eleventh Amendment, which prohibits a federal court from entertaining a lawsuit against a state or state entity absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979). Nor has Idaho itself waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (unpublished). Finally, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff should omit the State of Idaho from any amended complaint.

Plaintiff's claims against the remaining Defendants—the Canyon County Detention Center, the Canyon County Sheriff's Department, and the City of Caldwell—are implausible because the allegations in the Complaint do not give rise to a reasonable inference that Plaintiff's allegedly inadequate medical treatment resulted from a policy or custom of Canyon County or the City of Caldwell. Plaintiff should keep the *Monell* standards in mind, set forth in detail above, if he chooses to amend the Complaint.

B.   **State Law Claims**

In addition to § 1983 claims, Plaintiff purports to assert state law claims. *Compl.* at 1. Because the Complaint fails to state a federal claim upon which relief may be granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

*See* 28 U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

5.     **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal

constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "First Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 29, 2020

B. Lynn Winmill
U.S. District Court Judge